UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION, OF OPERATING ENGINEERS, AFL-CIO, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:08-CV-1177 CAS |
| LARRY ORTMANN CONTRACTING, INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment. A Clerk's Entry of Default was entered against defendant Larry Ortmann Contracting, Inc. on November 12, 2008 (Doc. 6). Plaintiffs seek, among other things, outstanding delinquent contributions of $104,041.33, liquidated damages of $20,808.27, interest of $2,347.12 and costs of $350, for a subtotal of $127,546.72. Pursuant to a contractual provision in the Site Improvement Association of Missouri collective bargaining agreement, plaintiffs also seek attorneys' fees of thirty-three and one-third percent (33⅓ %) of the delinquency, in the amount of $42,515.57.

Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2), makes an award of attorney's fees mandatory in an action by a fiduciary for or on behalf of a plan to enforce Section 1145 which results in a judgment in favor of the plan. See Greater Kansas City Laborers Pension Fund v. Thummel, 738 F.2d 926, 931 (8th Cir. 1984) ("Thummel"). The statute directs the court to award the plan "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D).

The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the "lodestar" amount. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986). The lodestar approach has been applied to the determination of the reasonableness of an attorney's fee award under § 502(g)(2). See, e.g., Board of Trustees of Hotel and Rest. Employees Local 25 v. JPR, Inc., 136 F.3d 794, 801-03 (D.C. Cir. 1998); Building Service Local 47 Clean Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1401-02 (6th Cir. 1995); Chicago Truck Drivers, Helpers and Warehouse Workers Union (Indep.) Pension Fund v. Brotherhood labor Leasing, 974 F. Supp. 751, 754 (E.D. Mo. 1997), aff'd, 141 F.3d 1167 (8th Cir. 1998) (Table). The plaintiffs bear the burden to prove that the attorney's fees they request are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

The Ninth Circuit has adopted a twelve-factor test for determining the reasonableness of fee awards under ERISA. The factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. Seymour v. Hull & Moreland Engineering, 605 F.2d 1105, 1117 (9th Cir. 1979). The Eighth Circuit cited the Seymour factors with approval in Thummel, 738 F.2d at 931, noting the existence of "legitimate factors which in . . . most cases ought to be considered by the district court in deciding what a reasonable fee is[.]"

Prior to the entry of default judgment, the Court must satisfy itself that the attorney's fee award sought in this matter is reasonable under ERISA Section 502(g)(2). There is no evidence in this case concerning the hours worked and the rates claimed, or any other relevant factor, apart from the contractual provision. The plaintiffs are seeking a very substantial attorney's fee award, in excess of $40,000, in the context of an uncontested default judgment in which they were required to file a complaint, obtain service on the defendant, file a motion for clerk's entry of default, and file a motion for default judgment together with a supporting memorandum.

Although this district has on at least one occasion approved an attorney's fee award in an ERISA case based on a similar contractual provision providing for attorney's fees of one-third of the unpaid contributions and liquidated damages, see Schembre v. Orth Construction Co., 199 F.Supp.2d 944, 948 (E.D. Mo. 2001), in that case the contractual fee of $1,255.17 was awarded following a non-jury trial. Similarly, in Sheet Metal Workers Local Union No. 71 v. Hydrair Balance Co., Inc., 2007 WL 634016, *1 (W.D.N.Y. Feb. 26, 2007), the collective bargaining agreement included a provision for attorney's fees of one-third of the unpaid contributions, but the Western District of New York's electronic case filing system reveals that the plaintiffs submitted actual attorney billing records, and the docket sheet shows that plaintiffs filed a motion to compel, a hearing was held on that motion, and plaintiffs filed two summary judgment motions. It is not entirely clear from the record, but it appears the attorney's fee award in Sheet Metal Workers may have been based on actual costs and attorney's fees expended rather than the contractual provision. Schembre and Sheet Metal Workers therefore appear to be factually distinguishable from the instant case.

At this point, the plaintiffs have not met their burden to establish the reasonableness of the attorney's fees they seek. Plaintiffs will be granted twenty days from the date of this order to file a

memorandum of law with citation to relevant legal authority to establish the reasonableness of the attorney's fees they seek.  Plaintiffs' memorandum shall also include evidence, preferably in the form of an affidavit, establishing the hours expended and rates charged in this case.  Plaintiffs may also wish to address other factors relevant to the reasonableness of an attorney's fee award as set forth above.

Accordingly,

**IT IS HEREBY ORDERED** that by **December 29, 2008**, plaintiffs shall file a memorandum of law with citation to relevant legal authority to establish the reasonableness of the attorney's fees they seek, including evidence, preferably in the form of an affidavit, establishing the hours expended and rates charged in this case.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of December, 2008.