UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OPERATING ENGINEERS, AFL-CIO, RICHARD D. DICKENS, LOCAL UNION 513 PENSION FUND, LOCAL UNION 513 HEALTH AND WELFARE FUND, LOCAL 513 SUPPLEMENTAL VACATION FUND, LOCAL UNION 513 ANNUITY FUND, LOCAL UNION 513 JOINT APPRENTICESHIP TRAINING FUND, and RICHARD DICKENS, IN HIS CAPACITY AS CHAIRMAN OF THE BOARD OF TRUSTEES OF SAID FUNDS, Plaintiffs, v. LARRY ORTMANN CONTRACTING, INC., Defendant. | No. 4:08-CV-1177 CAS |

## DEFAULT JUDGMENT

Plaintiffs filed this action on August 13, 2008 to recover from defendant Larry Ortmann Contracting, Inc. delinquent fringe benefit contributions, liquidated damages, and interest owed to the plaintiff benefit funds pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(3) ("ERISA"). Plaintiffs also seek an award of their attorney's fees against defendant. Defendant has not appeared and a Clerk's Entry of Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, was entered on November 12, 2008 (Doc. 6). Plaintiffs move for default judgment, submitting in support of their motion two affidavits of William Murphy and various exhibits, including the applicable collective bargaining agreement and defendant's signed Notice of Acceptance thereto. Upon direction of the Court, plaintiffs also submitted the Affidavit of James R. Kimmey with respect to the attorney's fees incurred in this matter.

Under ERISA, 29 U.S.C. § 1132(a)(3), and the applicable collective bargaining agreement, defendant Larry Ortmann Contracting, Inc. owes $104,041.33 in delinquent contributions for the periods of April 2006 through June 2006, March 2007 through June 2007, and April 2008 through May 2008; together with interest of $2,347.12, liquidated damages of $20,808.27, and court costs of $350.00.

**Attorney's Fees**.

Section 16.08 of the collective bargaining agreement provides that any employer who becomes delinquent in its obligation to make timely reports and pay contributions due shall be liable for liquidated damages including:

> a reasonable attorney's fee payable to the attorney or attorneys representing the Trustees and/or the Union in such action with the amount thereof fixed by the Court, but in no event less than thirty-three and one-third percent (33-1/3%) of the total amount for which judgement [sic] is rendered.

Based on this provision, plaintiffs seek attorney's fees of $42,515.57 in this matter.

The Court is mindful that Section 502(g)(2) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2), makes an award of attorney's fees mandatory in an action by a fiduciary for or on behalf of a plan to enforce Section 1145 which results in a judgment in favor of the plan. See Greater Kansas City Laborers Pension Fund v. Thummel, 738 F.2d 926, 931 (8th Cir. 1984) ("Thummel"). The statute directs the court to award the plan "reasonable attorney's fees and costs of the action." 29 U.S.C. § 1132(g)(2)(D). The plaintiffs bear the burden to prove that the attorney's fees they request are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).

Prior to the entry of default judgment, the Court must satisfy itself that the attorney's fees sought in this matter are reasonable under ERISA Section 502(g)(2)(D). By Memorandum and Order of December 9, 2008 (Doc. 11), the Court stated there was no evidence in the record

2

concerning the hours worked and the rates claimed, or any other relevant factor, apart from the contractual provision. The Court noted that plaintiffs seek an attorney's fee award in excess of $40,000 in the context of an uncontested default judgment in which they were required to file a complaint, obtain service on the defendant, file a motion for clerk's entry of default, and file a motion for default judgment together with a supporting memorandum. Mem. and Order of Dec. 9, 2008 at 3.

The Court stated that although this district has on at least one occasion approved an attorney's fee award in an ERISA case based on a similar contractual provision providing for attorney's fees of one-third of the unpaid contributions and liquidated damages, see Schembre v. Orth Construction Co., 199 F.Supp.2d 944, 948 (E.D. Mo. 2001), in that case the contractual fee of $1,255.17 was awarded following a non-jury trial and therefore appeared to be factually distinguishable from the instant case. Mem. and Order of Dec. 9, 2008 at 3. The Court granted plaintiffs twenty days to file a memorandum of law with citation to relevant legal authority to establish the reasonableness of their attorney's fees, and to submit evidence establishing the hours expended and rates charged in this case, including for preparation of the responsive memorandum of law. Plaintiffs have now complied with the Court's order.

The issue is whether parties to a freely-bargained collective bargaining agreement may designate as "reasonable" attorney's fees consisting of a set percentage of the defendant employer's outstanding contributions and other amounts owed, and by so doing contractually eliminate the Court's duty and authority to assess the reasonableness of the fee award under ERISA Section 502(g)(2).

The Eighth Circuit has emphasized that the determination of a reasonable attorney's fee award under Section 502(g)(2)(D) is a matter within the sound discretion of the trial court. See

Thummel, 738 F.2d at 931 ("Just what is a reasonable attorneys' fee is a matter peculiarly within the district court's discretion."). Attorney's fee awards under ERISA are intended to compensate the plaintiffs for expenses reasonably incurred in collecting the delinquent contributions.[1] The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended in the litigation by a reasonable hourly fee, producing the "lodestar" amount. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564 (1986). The lodestar approach has been applied to the determination of the reasonableness of an attorney's fee award under § 502(g)(2). See, e.g., Board of Trustees of Hotel and Rest. Employees Local 25 v. JPR, Inc., 136 F.3d 794, 801-03 (D.C. Cir. 1998); Building Service Local 47 Clean Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1401-02 (6th Cir. 1995). The Eighth Circuit has affirmed this Court's use of the lodestar approach to determining an attorney's fee award in an ERISA withdrawal liability case. See Chicago Truck Drivers, Helpers and Warehouse Workers Union (Indep.) Pension Fund v. Brotherhood labor Leasing,

---

[1] Originally, ERISA allowed courts to award attorney's fees in their discretion. In enacting the Multiemployer Pension Plan Amendments Act of 1980, Congress amended ERISA to address the "substantial number of employers" who "fail[ ] to make their 'promised contributions' on a regular and timely basis." Laborers Health and Welfare Trust Fund for Northern Cal. v. Advanced Lightweight Concrete Co., Inc., 484 U.S. 539, 546 (1988). In the provisions of 29 U.S.C. § 1132(g)(2), Congress required courts to award attorney's fees and other remedies to prevailing plans. The Supreme Court has stated that "[t]he legislative history of these provisions explains that Congress added these strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts." Id. at 547.

A Senate report regarding the amendments to ERISA recognized that the "'[f]ailure of employers to make promised contributions in a timely fashion imposes a variety of costs on plans. While contributions remain unpaid, the plan loses the benefit of investment income . . . . [C]osts are incurred in detecting and collecting delinquencies. Attorneys fees and other legal costs arise in connection with collection efforts.'" Advanced Lightweight Concrete, 484 U.S. at 546 n.12 (quoting Senate Committee on Labor and Human Resources, 96th Cong., 2d Sess., S. 1076, The Multiemployer Pension Plan Amendments Act of 1980: Summary and Analysis of Consideration 43 (Comm. Print 1980)) (emphasis removed).

4

974 F. Supp. 751, 754 (E.D. Mo. 1997), aff'd, 141 F.3d 1167 (8th Cir. 1998) (Table).

The Ninth Circuit adopted a twelve-factor test for determining the reasonableness of fee awards under ERISA. The factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. Seymour v. Hull & Moreland Eng'g, 605 F.2d 1105, 1117 (9th Cir. 1979). The Eighth Circuit cited the Seymour factors with approval in Thummel, 738 F.2d at 931, describing them as "legitimate factors which in . . . most cases ought to be considered by the district court in deciding what a reasonable fee is[.]"

Based on ERISA's statutory requirement for a court to determine that requested attorney's fees are reasonable, the obligation established by case law that a court exercise its sound discretion in calculating a fee award based on certain relevant factors, and the principle that attorney's fee awards are intended to compensate the plaintiffs, the Court declines to automatically apply the 33 1/3 percent fee award provision in the collective bargaining agreement, and will instead review the affidavit of plaintiffs' attorney Mr. Kimmey and the accompanying billing records to determine a reasonable attorney's fee award in this action. Cf. Bourgal v. Lakewood Haulage, Inc., 827 F. Supp. 126, 129 (E.D.N.Y. 1993) (declining to automatically apply a twenty-five percent attorney's fee award provision in a collective bargaining agreement).

The Court has examined Mr. Kimmey's affidavit and billing records and finds that the hours expended (17.65) and the hourly rate ($200.00 per hour) are reasonable. Plaintiffs will therefore be awarded attorney's fees in the amount of $3,530.00.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that judgment by default is entered in favor of plaintiffs and against defendant Larry Ortmann Contracting, Inc. in the total amount of One Hundred Thirty-One Thousand Seventy-Six Dollars and Seventy-Two Cents ($131,076.72), consisting of $104,041.33 in delinquent contributions, interest of $2,347.12, liquidated damages of $20,808.27, attorney's fees of $3,530.00, and court costs of $350.00.

**IT IS FURTHER ORDERED** that plaintiffs are awarded post-judgment interest at the maximum lawful rate, as provided pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** that defendant shall submit all outstanding Contribution Report Forms and shall submit its records to an audit, at defendant's cost.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of January, 2009.